John T. Masterson, Bar #007447
Ian C. Beck, Bar #035599
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7846
jmasterson@jshfirm.com
ibeck@jshfirm.com

Attorneys for Defendants City of Phoenix,
Chelsey Rios, Reginald Crawford, and
Brendon Bryce

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Roniah Trotter, a single woman,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, an Arizona municipal corporation; Chelsey Rios, in her individual capacity; Reginald Crawford, in his individual capacity; Brendon Bryce, in his individual capacity,<br><br>　　　　　　　　　　　Defendants. | NO. 2:20-cv-01706-PHX-SMB-MTM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants City of Phoenix, Officer Chelsey Rios, Officer Reginald Crawford, and Police Assistant Brendon Bryce (collectively "Defendants"), by and through counsel undersigned, for their Answer to Plaintiff's Complaint, admit, deny, and allege as follows:

Defendants deny each and every, all and singular, all of the allegations contained in Plaintiff's Complaint and each claim for relief which is not expressly admitted or otherwise pled in this Answer.

## PRELIMINARY STATEMENT

1. Defendants assert that Paragraphs 1 and 2 of Plaintiff's Complaint contain alleged factual assertions and improper legal conclusions that have no relevant

9069990.1

bearing on the facts, claims, and defenses at issue in this lawsuit. Accordingly, no response is required and, in truth, none could reasonably be given.  Defendants do affirmatively assert, however, that they wonder why Plaintiff discusses dogs in the first two paragraphs of her Complaint.  Dogs are man's best friend.  Further, dogs typically do not try to kick police officers.  Finally, dogs typically do not use racial slurs against police officers, or threaten to kill police officers, because of the officer's race.

2. As to Paragraph 3 of Plaintiff's Complaint, Defendants deny all allegations contained within that Paragraph.  Defendants affirmatively assert that this is a case about a violent 17-year-old Plaintiff who got into a fight with another girl and then furiously struggled with police officers , kicked the police officers, fought with the police officers trying to control her until they all fell to the ground, and continued to violently fight until she was finally handcuffed. Further, Defendants affirmatively assert that even after Plaintiff was assisted from the ground, where her own violent actions had caused everyone to fall, she again tried to kick one of the police officers in the face.  Finally, this is a case about a violent 17-year-old Plaintiff who hurled violent threats, including threats to kill, and repugnant racial slurs toward the police officers during her contact with the officers.

## **PARTIES**

3. As to Paragraph 4 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

4. As to Paragraph 5 of Plaintiff's Complaint, Defendants admit that Defendant Rios is a police officer with the City of Phoenix Police Department and that she resides in Maricopa County, Arizona. Defendants further admit that Defendant Rios' actions related to this case were taken within the course and scope of her employment with the City of Phoenix and under color of law. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore deny the same.

5. As to Paragraph 6 of Plaintiff's Complaint, Defendants admit that Defendant Crawford is a police officer with the City of Phoenix Police Department and that he resides in Maricopa County, Arizona. Defendants further admit that Defendant Crawford's actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore deny the same.

6. As to Paragraph 7 of Plaintiff's Complaint, Defendants admit that Defendant Bryce resides in Maricopa County, Arizona, and that his actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. Defendants deny that Defendant Bryce is a police officer with the City of Phoenix Police Department and affirmatively assert that Defendant Bryce is employed by the City of Phoenix Police Department as a Police Assistant. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore deny the same.

7. As to Paragraph 8 of Plaintiff's Complaint, Defendants assert that this paragraph makes no claims or allegations against these answering Defendants. Accordingly, Defendants lack sufficient information as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

8. As to Paragraph 9 of Plaintiff's Complaint, Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

9. Defendants assert that Paragraph 10 of Plaintiff's Complaint improperly calls for a legal conclusion and no response is required. To the extent a response is required, Defendants affirmatively assert that they do not owe a general duty to the public at large, only a duty based on a special relationship recognized by common law or created by public policy. *See Quiroz v. Alcoa Inc.*, 243 Ariz. 560 (2018).

10. Defendants assert that Paragraph 11 of Plaintiff's Complaint improperly calls for a legal conclusion and therefore no response is required. To the extent

a response is required, Defendants admit that the City of Phoenix Police Department is a law enforcement agency established by the City of Phoenix and that it employs law enforcement officers. Defendants deny all other allegations contained in Paragraph 11 of Plaintiff's Complaint.

11. As to Paragraph 12 of Plaintiff's Complaint, Defendants admit only that the actions taken by Defendants Rios, Crawford, and Bryce related to this case were taken within the course and scope of their employment with the City of Phoenix and under color of law. Defendants deny all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

12. As to Paragraph 13 of Plaintiff's Complaint, Defendants admit that under the doctrine of *respondeat superior*, and under certain specific circumstances, an employer may be held responsible for the wrongful acts or omissions of its employees. Defendants affirmatively assert, however, that there are no such wrongful acts or omissions present in this case for which the City of Phoenix may be held responsible.

## **JURISDICTION AND VENUE**

13. As to Paragraph 14 of Plaintiff's Complaint, Defendants do not dispute the jurisdiction of this Court over the current action.

14. As to Paragraph 15 of Plaintiff's Complaint, Defendants do not dispute that venue is proper in this Court.

15. As to Paragraph 16 of Plaintiff's Complaint, Defendants do not dispute that Plaintiff is attempting to assert claims pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and certain sections of the United States Code, but, as stated below, Defendants allege that Plaintiff's Complaint fails to state a claim for relief under those constitutional and statutory provisions.

## **GENERAL ALLEGATIONS**

### The Bus Ride & After-School Altercation

16. As to Paragraph 17 of Plaintiff's Complaint, Defendants admit that, upon information and belief, that on August 20, 2019, the temperature in certain areas of

Phoenix, Arizona, may have reached 113 degrees Fahrenheit. Defendants lack sufficient information as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

17. As to Paragraph 18 of Plaintiff's Complaint, Defendants admit that, upon information and belief, the National Weather Service issued an excessive heat warning on August 20, 2019. Defendants lack sufficient information as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore deny the same.

18. As to Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, and 27 of Plaintiff's Complaint, Defendants lack sufficient information as to the truth of the allegations contained therein and therefore deny the same.

19. As to Paragraph 28 of Plaintiff's Complaint, Defendants admit that Defendant Crawford arrived at the westbound Metro Bus stop located at the intersection of 19th Avenue and Baseline Road in Phoenix, Arizona, prior to the arrival of a second City of Phoenix Metro bus.

### Phoenix PD's Excessive Use of Force

20. As to Paragraph 29 of Plaintiff's Complaint, Defendants admit that when Defendant Crawford arrived at the bus stop, none of the individuals were actively engaged in a physical altercation.

21. As to Paragraph 30 of Plaintiff's Complaint, Defendants admit that due to Plaintiff's conduct, Defendant Crawford moved to detain her. Defendants deny that Defendant Crawford "grabb[ed]" Plaintiff as alleged in Paragraph 30 of Plaintiff's Complaint.

22. As to Paragraph 31 of Plaintiff's Complaint, Defendants lack sufficient information and, indeed, the ability, to know the truth as to what Plaintiff was thinking and feeling and therefore are unable to determine the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint. Therefore, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

23. As to Paragraph 32 of Plaintiff's Complaint, Defendants affirmatively assert that when Defendant Crawford attempted to detain her, Plaintiff immediately began to violently struggle and move away from him. Defendants deny all other allegations contained in Paragraph 32 of Plaintiff's Complaint.

24. As to Paragraph 33 of Plaintiff's Complaint, Defendants deny that Defendant Crawford made any intentional, or even inadvertent, actions to attempt to take Plaintiff down to the sidewalk. Defendants affirmatively assert that Plaintiff's violent actions cause her and the officers to fall to the sidewalk.

25. As to Paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained in that paragraph.

26. As to Paragraph 35 of Plaintiff's Complaint, Defendants admit that upon information and belief, Plaintiff was wearing a sleeveless shirt at the time of the interaction. Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

27. As to Paragraph 36 of Plaintiff's Complaint, Defendants admit that while she was on the ground, Plaintiff physically struggled and affirmatively assert that she resisted the individual Defendants' reasonable and lawful efforts to place her in handcuffs. Due to their inability to know what Plaintiff was feeling, Defendants lack a sufficient basis to determine the truth as to the remaining dramatic allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore deny the same.

28. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and affirmatively assert that the individual Defendants removed Plaintiff from the ground immediately after they were able to gain control Plaintiff's violent resistance and place her in handcuffs.

29. As to Paragraph 38 of Plaintiff's Complaint, Defendants admit only that immediately after placing the Plaintiff in handcuffs, the individual Defendants picked her up off the ground. Defendants deny all other remaining theatrical allegations contained in Paragraph 38 of Plaintiff's Complaint.

30. As to Paragraph 39 of Plaintiff's Complaint, Defendants admit that Defendant Rios called for medical personnel as soon as Plaintiff was handcuffed and picked up off the ground. Defendants also admit that, on information and belief, medical personnel wrapped Plaintiff's arms in gauze.

31. As to Paragraph 40 of Plaintiff's Complaint, Defendants admit that Plaintiff was placed in the back of Defendant Rios' and, subsequently, Defendant Crawford's police vehicle, was transported to a police precinct and was placed under arrest on four counts of assaulting a police officer and resisting arrest.

<u>Roniah Is Admitted Into an Emergency Burn Unit</u>

32. As to Paragraph 41 of Plaintiff's Complaint, Defendants are unable to access Plaintiff's booking records due to the fact that she was a minor at the time of her arrest. Accordingly, Defendants are unable to form a belief as to the truth of Plaintiff's allegations regarding the length of time she remained incarcerated. As to Plaintiff's medical condition during her incarceration, Defendants affirmatively assert that Plaintiff was treated by members of the City of Phoenix Fire Department, but are otherwise unable to form a belief as to the truth of Plaintiff's allegations regarding her medical condition during her incarceration. Therefore, since Defendants cannot form a belief as to the truth of the allegations contained in Paragraph 41, Defendants deny the same.

33. As to Paragraphs 42, 43, 44, and 45 of Plaintiff's Complaint, Defendants lack sufficient information as to the nature of Plaintiff's medical treatment and diagnoses to form a belief as to the truth of the allegations contained therein. Therefore, Defendants deny the allegations contained in Paragraphs 42, 43, 44, and 45 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment**
**(Against Defendants Rios, Crawford, and Bryce)**

34. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

35. As to Paragraph 47 of Plaintiff's Complaint, Defendants admit that it contains an accurate quotation from 42 U.S.C. § 1983.

36. As to Paragraph 48 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

37. As to Paragraph 49 of Plaintiff's Complaint, Defendants admit that Defendants Rios, Crawford, and Bryce were, at the relevant times, acting under the color of law and within the course and scope of their employment with the City of Phoenix Police Department.

38. As to Paragraph 50 of Plaintiff's Complaint, Defendants admit that the Fourth Amendment to the United States Constitution affords the right of the people against unreasonable searches and seizures.

39. Defendants deny the allegations contained in Paragraphs 51, 52, and 53 of Plaintiff's Complaint.

40. As to Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein and affirmatively assert that Defendants Rios, Crawford, and Bryce are entitled to the defense of qualified immunity.

41. As to Paragraph 55 of Plaintiff's Complaint, Defendants deny that any conduct by Defendants Rios, Crawford, or Bryce were the direct or proximate cause of any injuries, damages, or losses sustained by the Plaintiff.

42. As to Paragraphs 56 and 57 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
**Municipal Liability Under *Monell***
**(Against the City of Phoenix Only)**

43. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

44. Paragraph 59 of Plaintiff's Complaint does not make an allegation against any of the Defendants and, therefore, no response is required. To the extent a

response is required, the Defendants admit that 42 U.S.C. § 1983 creates civil liability for municipal entities under certain circumstances. However, Defendants affirmatively assert that there have been no violations of Plaintiff's rights that support a claim under this statute.

45. Paragraph 60 of Plaintiff's Complaint does not make an allegation against any of the Defendants and, therefore, no response is required. To the extent a response is required, the Defendants admit that liability under 42 U.S.C. § 1983 can arise out of a failure to properly train, supervise, or discipline employees. However, Defendants affirmatively assert that no such failure occurred in this case.

46. As to Paragraph 61 of Plaintiff's Complaint, Defendants admit that under certain circumstances, Defendant City of Phoenix has a duty to properly train, supervise, and discipline its employees and agents.

47. As to Paragraph 62 of Plaintiff's Complaint, Defendants deny that Defendant City of Phoenix breached its duty to properly train, supervisor, and discipline its employees and agents.

48. As to Paragraph 63 of Plaintiff's Complaint, Defendants assert that the allegations contained in Paragraph 63 improperly call for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

49. As to Paragraph 64 of Plaintiff's Complaint, Defendants assert that the allegations contained in Paragraph 64 improperly call for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

50. As to Paragraph 65 of Plaintiff's Complaint, Defendants assert that the allegations contained in Paragraph 65 improperly call for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
**Assault and Battery – Vicarious Liability**
**(Against the City of Phoenix Only)**

51. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

52. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

54. As to Paragraph 69 of Plaintiff's Complaint, Defendants admit that during the subject incident, Defendants Rios, Crawford, and Bryce were acting within the course and scope of their employment with the City of Phoenix.

55. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
**Intentional Infliction of Emotional Distress – Vicarious Liability**
**(Against Defendant City of Phoenix Only)**

56. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

57. Defendants assert that the very theatrical Paragraph 72 of Plaintiff's Complaint improperly calls for a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

58. Defendants assert that Paragraph 73 of Plaintiff's Complaint improperly calls for a legal conclusion and makes factual assertions with absolutely no objective support or explanation. Therefore, no response is required and, in truth, without additional information as to how Plaintiff reached this apparently baseless factual conclusion, no response could be given. To the extent a response is required, Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint. Defendants

affirmatively assert that an "[a]verage member of the community would regard Plaintiff's conduct as atrocious, intolerable in a civilized community, and beyond all possible bounds of human decency."

59. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

61. As to Paragraph 76 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations asserted therein regarding Plaintiff's purported emotional distress. Accordingly, Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

63. As to Paragraph 78 of Plaintiff's Complaint, Defendants admit that during the subject incident, Defendants Rios, Crawford, and Bryce were acting within the course and scope of their employment with the City of Phoenix.

64. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(Against City of Phoenix Only)**

65. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

66. Defendants assert that Paragraph 81 of Plaintiff's Complaint improperly calls for a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint. Defendants affirmatively assert that at all times relevant to Plaintiff's Complaint, they acted reasonably under the totality of the circumstances.

67. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

68. Defendants assert that Paragraph 83 of Plaintiff's Complaint improperly calls for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

70. As to Paragraphs 85 and 86 of Plaintiff's Complaint, Defendants assert that they lack sufficient factual information as to the alleged acts of Plaintiff's so-labeled "currently unknown employees" to form a belief as to the truth of Plaintiff's allegations. Accordingly, Defendants deny the allegations contained in Paragraphs 85 and 86 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

As and for a separate defense, and in the alternative, the Defendants assert the following:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels, conclusions, and threadbare recitals of the elements of causes of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3. Defendants do not owe a general duty to the public at large, rather, they only owe a duty based on "special relationship recognized by the common law or relationships created by public policy," neither of which exists in this action. *Quiroz v. Alcoa Inc.*, 243 Ariz. 560 (2018).

4. Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendants by way of the doctrine of comparative fault.

5. Plaintiff was contributorily negligent, and/or Plaintiff assumed the risk of her alleged injuries, and/or any injuries that Plaintiff received were the result of an intervening/superseding cause or through the negligence of someone other than Defendants, which bars recovery to Plaintiff from Defendants.

6. Plaintiff may have failed to mitigate her damages, if any, thus barring or reducing any recovery against the Defendants.

7. Defendants allege that Plaintiff's negligence claim is barred by *Ryan v. Napier*, 254 Ariz. 54 (2018).

8. Defendants Rios, Crawford, and Bryce used only reasonable and necessary force under the totality of the circumstances.

9. Defendants assert that they did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiff, for reasons unrelated to legitimate law enforcement objectives.

10. The force used by Defendants Rios, Crawford, and Bryce was justified and privileged under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

11. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal and state law as set forth in *Hunter v. Bryant*, 112 S. Ct. 534 (1991), *Saucier v. Katz*, 121 S. Ct. 2151 (2001), and *Spooner v. City of Phx.*, 246 Ariz. 119 (App. 2018).

12. Qualified immunity "bars civil liability damages insofar as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir. 2002); *Spooner v. City of Phx.,* 246 Ariz. 119 (App. 2018). Allegations of mere negligence or lack of due care by state officials do not rise to a claim under § 1983. *Wood*

*v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989); *Daniels v. Williams*, 474 U.S. 327 (1986); *Buckeye v. Los Angeles Cty.*, 968 F.2d 791 (9th Cir. 1992).

13. Defendants asserts the privileges and immunities set forth in A.R.S. §§ 12-820, *et seq*.

14. Defendants allege that Defendant Rios's, Crawford's, and Bryce's actions were justified and in self-defense pursuant to A.R.S. §§ 13–404, 13–405, 13–406, 13–409, 13–410, 13–411, 13–417, 13–421 and, therefore, pursuant to A.R.S. § 13–420, the Court shall award reasonable attorney's fees, costs, compensation for lost income and all expenses incurred by a defendant, as applicable, in the defense of this civil action based on justified conduct when Defendants prevail in this civil action.

15. Defendants allege that they are not subject to civil liability for engaging in justified conduct pursuant to A.R.S. § 13–413.

16. As a further affirmative defense, to the extent Plaintiff seeks punitive damages, Plaintiff is barred from seeking punitive damages against persons in their official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397 (9th Cir. 1991).

17. Defendants allege that they are not liable for punitive or exemplary damages for any claims pursuant to federal law and A.R.S. § 12-820.04.

18. Defendants allege that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

19. Defendants allege that Plaintiff cannot establish that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

20. Defendants allege that vicarious liability is inapplicable to actions under 42 U.S.C. § 1983.

21. Defendants assert that under A.R.S. § 12–716, they are presumed to have acted reasonably and the City is presumed to have reasonably hired and trained its peace officers to use physical force because Officers Rios, Crawford, and Police Assistant

Bryce used such reasonable force to protect themselves and others from Plaintiff's violent and unlawful actions.

22. Defendants are entitled to their reasonable attorney's fees, expenses, and, at the Court's discretion, double damages of not to exceed five thousand dollars, pursuant to A.R.S. § 12-349.

23. Defendants are entitled to their taxable costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for defending against Plaintiff's scurrilous and frivolous Complaint.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendants pray that the same be dismissed with prejudice, that Plaintiff take nothing thereby, that the Defendants be awarded their expenses, double damages, taxable costs, and attorney's fees incurred herein, and for such other and further relief as to this Court seems just.

DATED this 19th day of February 2021.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Ian C. Beck
John T. Masterson
Ian C. Beck
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Phoenix, Chelsey Rios, Reginald Crawford, and Brendon Bryce

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/  Lisa Drapeau